ALD-228                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2115
_____

MAJED SUBH,
                            Appellant
                    v.

WAL-MART STORES INC;
RUTH MCPHERSON

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 08-cv-00410)
District Judge:  Honorable Sue L. Robinson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 24, 2010
Before: SLOVITER, AMBRO and SMITH, Circuit Judges

(Opinion filed: July 8, 2010)

_____

OPINION
_____

PER CURIAM

        Majed Subh appeals the District Court's order granting appellees' motion for

summary judgment.  For the reasons stated below, we will summarily affirm the District

Court's judgment.

The procedural history of this case and the details of Subh's claims are well known to the parties, set forth in the District Court's thorough opinion, and need not be discussed at length. Briefly, Subh alleged that he was terminated from his job at Wal-Mart in retaliation for his complaints of discrimination.[1] He asserted that the co-store manager caused him to be arrested based on false allegations and intentionally inflicted emotional distress. Appellees filed a motion for summary judgment which the District Court granted. Subh filed a timely notice of appeal.[2]

We have jurisdiction under 28 U.S.C. § 1291. In his Report and Recommendation, which was adopted by the District Court, the Magistrate Judge thoroughly laid out Subh's allegations and the factual background of the case. We have little to add to his analysis of Subh's discrimination claims. We agree that Subh has not shown that Wal-Mart terminated his employment in retaliation for his filing a complaint or for discriminatory reasons based on race or national origin. Wal-Mart terminated his employment for gross misconduct. Subh admitted to confronting the store manager at the Wal-Mart where he worked before his transfer with a raised voice and repeatedly calling her arrogant, ignorant, rude, and crude.

---

[1] His prior complaints of discrimination were the basis of another lawsuit in the District Court and another appeal in this Court. See Subh v. Wal-Mart, C.A. No. 09-4189.

[2] Subh was represented by an attorney in the District Court but proceeded pro se after the Magistrate Judge issued his Report and Recommendation. He is proceeding pro se on appeal.

2

He was dressed as a security guard and carrying a night stick at the time. Subh pled <u>nolo contendere</u> to a charge of menacing arising from the incident.[3] We also agree with the District Court that appellees were entitled to summary judgment on Subh's state law claims of defamation and intentional infliction of emotional distress.

Summary action is appropriate if there is no substantial question presented in the appeal. <u>See</u> Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. <u>See</u> Third Circuit I.O.P. 10.6.

---

[3] Under Delaware law, a person is guilty of menacing when "by some movement of body or any instrument the person intentionally places another person in fear of imminent physical injury." 11 Del.C. § 602(a).